IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARC ALLEN MASON, PRO SE, <br> SO #33348 <br> Previous TDCJ-CID # 778038, <br> Previous TDCJ-CID # 1172158, <br><br> Plaintiff, <br><br> v. <br><br> JOEL RICHARDSON, Sheriff, <br> BRUCE EVANS, Captain, and <br> JOHNNY SLUDER, Lieutenant, <br> DEBBIE UNRUE, Lieutenant, <br><br> Defendants. | § § § § § § § § § § § § § § § §   2:06-CV-0104 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff MARC ALLEN MASON, acting *pro se* and while a prisoner incarcerated in the Randall County Jail, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains the defendants have refused to investigate his complaint that he has a wireless transceiver sewn into his back, right, lower mandible and won't let him remove the device.

Plaintiff requests proper testing to reveal the device, its removal, and punitive damages of $25,000,000.00 per defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

### THE LAW AND ANALYSIS

Plaintiff asserted identical claims against defendants RICHARDSON, EVANS, and UNRUE in cause no. 2:05-CV-0088.  Plaintiff has failed to allege any specific act or omission by defendant SLUDER, and the addition of this defendant makes no significant difference.

To the extent plaintiff is alleging a new claim by stating the defendants won't let him remove the device, the Court notes plaintiff's claim lacks an arguable basis in fact and is, therefore, frivolous.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Repetitive litigation of virtually identical causes of action is subject to dismissal

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

under 28 U.S.C. section 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Consequently, the instant cause should also be dismissed as malicious.  28 U.S.C. § 1915(e)(2); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989).

## CONCLUSION

For the reasons set forth above, plaintiff's claims are frivolous and malicious.  28 U.S.C. 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(e)(2), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MARC ALLEN MASON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

ENTERED THIS __3rd__ DAY OF MAY 2006.

/s/ Mary Lou Robinson  
MARY LOU ROBINSON  
UNITED STATES DISTRICT JUDGE